CAMP v. FLAHERTY.

1. Cattle: RUNNING AT LARGE: TRESPASS. Cattle in this state going of their own accord upon the unfenced land of another than their owner, do not thereby subject him to liability, and he may rightfully enter thereon for the purpose of taking control of them.

2. —— Where cattle thus being upon unfenced lands were driven by the owner thereof on to other lands, it was *held*, that the owner of the cattle might enter thereon for the purpose of taking control of and removing them, and in doing this might, without incurring liability for trespass, drive them homeward back over the unfenced lands of the first owner through which they came, and against the remonstrance of the latter.

*Appeal from Black Hawk District Court.*

MONDAY, APRIL 25.

THE facts are sufficiently stated in the opinion.

WILLIAMS, J. — The plaintiff was in possession of a tract of unfenced land. The cattle of defendant went of their own accord upon the land, and were driven across it by the plaintiff in a direction leading away from the premises of defendant, who, in taking his cattle homeward, drove them across the unfenced land of plaintiff,

Camp v. Flaherty.

against his remonstrance, then and there made in person. No special damage is shown to the land or crops of plaintiff.

Cattle, when they of their own accord go upon the unfenced land of another, do not render their owner liable to any action or claim of the owner of the land. *Wagner* v. *Bissell*, 3 Iowa, 396.

The cattle being rightfully upon the land, their owner can enter thereon for the purpose of taking control of and removing them. This would be so, if the owner of the cattle had rightfully put them upon the fenced land of another, and it is incident to the ownership of the cattle, and to their being where they may rightfully be.

If cattle, so being upon unfenced land, go of their own accord across it to the unfenced land of still another, this does not defeat or limit the right of the owner of the cattle to take them under his control, and if they can rightfully cross unfenced lands, they can be driven by their owner back again over the same premises.

In reason, it makes no difference as to the rights and duties of owners of cattle running upon unfenced land, whether the land belongs to one or several persons. If this is not so, the rule of our law allowing cattle to be upon the unfenced land of others would become a source of vexation and litigation.

A rule of law always carries with it the incidents necessary to a full enjoyment of the right it confers. 1 Kent's Com. 464.

Affirmed.